UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD LEE and ROBERTS'
ART STUDIO & PHOTOGRAPHY,

      Plaintiff,

v.

PAUL LNU and METRO PCS,

      Defendants.
                                         /

Case No. 2:17-cv-12231

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN
FORMA PAUPERIS [2], AND SUMMARILY DISMISSING CASE**

On July 7, 2017, Plaintiff Robert Edward Lee filed a pro se complaint and an application to proceed in forma pauperis. He is a serial filer. Judges in this district have dismissed—summarily or otherwise—no fewer than 12 of his complaints over the course of seven years.[1] *See* 4:07-cv-13513 (dismissed under 28 U.S.C. § 1915(e)(2)(B)), 2:08-cv-12170 (dismissed under Federal Rule of Civil Procedure 12(b)(2)), 2:08-cv-13058 (dismissed under 28 U.S.C. § 1915(e)(2)(B)), 2:08-cv-14306 (dismissed under Rule 8), 2:09-cv-10259 (dismissed for lack of jurisdiction), 2:09-cv-12640 (dismissed under Rule 12(c)), 2:10-cv-11501 (dismissed under 28 U.S.C. § 1915(e)(2)(B)), 2:10-cv-15131 (dismissed under 28 U.S.C. § 1915(e)(2)(B)), 2:11-cv-10179 (dismissed under 28 U.S.C. § 1915(e)(2)(B)), 2:14-cv-11722 (dismissed under Rule 12(c)), 2:15-cv-13474 (dismissed

---

[1]Plaintiff's name and e-mail address have been associated with filings from the same Detroit, Michigan address used here, as well as a Dearborn Heights, Michigan mailing address. *Compare* Case No. 2:09-cv-12640 (docket notation with e-mail address and Dearborn Heights mailing address) *with* Case No. 2:15-cv-13474 (PgID 1, e-mail address and Detroit mailing address in header on page 1 of complaint). The Court has reviewed the filings from both addresses and concludes that they are all from Plaintiff.

under 28 U.S.C. § 1915(e)(2)(B)), 2:15-cv-13585 (dismissed under 28 U.S.C. § 1915(e)(2)(B)).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must summarily dismiss an in forma pauperis complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. "A complaint is frivolous where plaintiff failed to present a claim with an arguable or rational basis in law or in fact." *Perry v. Rose*, 205 F.3d 1341 (6th Cir. 2000) (unpublished table decision). The Court construes pro se filings liberally, *Jones v. Caruso*, 569 F.3d 258, 263 (6th Cir. 2009), and accepts as true factual allegations that are not "irrational" or "wholly incredible." *Patterson v. Godward*, 370 F. App'x 608, 609 (6th Cir. 2010) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Nevertheless, that leniency is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). And the Court is not required to create a plaintiff's claim for him. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (noting that district courts are not required to "ferret out the strongest cause of action on behalf of pro se litigants").

As in many of his prior filings, Plaintiff exceeds those bounds here. His complaint is largely unintelligible. He appears to seek relief based on a visit to a MetroPCS store after complaining to the Federal Communications Commission (FCC) about the poor cell phone reception in his home. ECF 1, PgID 3. At the store, Plaintiff explained to sales representative "Paul" that he needed a new phone to use "photos literature [sic] of art copyrights" presumably stored on or recently deleted from his current phone. *Id.* 3–4. The representative said he might be able to recover the material if Plaintiff had backed it up using a Google account, which he had. It is unclear what happened next. It appears that Plaintiff seeks to hold MetroPCS vicariously liable in federal court for Paul's actions (which

amounted to a "form of disrespect [] worse than evil axis leading to wars"), that "vicarious liability for copyright increases daily and can be 'monetized' make [sic] Napster, Inc. a potentially attractive acquisition for larger, more established firms," and that "Defendant obtained substantial capital infusions after the onset of this litigation" while allowing Napster the right to "control access to its system." *Id.* at 2–5.

The allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Also, Plaintiff fails to sufficiently articulate the basis for the Court's jurisdiction, allege facts to support the specific cause of action under which he is suing the Defendants, or substantiate his claim for the over $75,000 in relief that he seeks. Accordingly, the Court will dismiss the complaint with prejudice.

Federal district courts "[have] the authority to enjoin harassing litigation under [their] inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)." *Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (6th Cir. 1995) (unpublished table decision); *see In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that courts have a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"); *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[T]he right of access to the courts is neither absolute nor unconditional[.]").

To exercise their inherent authority, federal courts may "'impose carefully tailored restrictions' upon 'abusive litigants.'" *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *3 (E.D. Mich. Nov. 25, 2014) (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)). Although a plaintiff may not be "absolutely foreclosed from initiating an action in a court of the United States," district courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before

permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

To determine whether a pre-filing injunction is appropriate, the Court considers: (1) the litigant's history of vexatious, harassing or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940 n.18 (6th Cir. 2002). If a litigant "is likely to continue to abuse the judicial process and harass other parties," then a pre-filing injunction is warranted. *Scott*, 2014 WL 6675354, at *4 (quotations omitted).

Plaintiff's history of frivolous filings with the Court spans seven years, and—along with the instant order—includes at least eight dismissals under 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff's exact motives for filing these frivolous appeals are unclear, his behavior indicates that he has no objective, good-faith expectation of prevailing. He is a habitual abuser of judicial process, and wastes judicial time and resources that should be spent assisting parties who file legitimate claims in good faith, supported by arguable bases in law and fact. Henceforth, Plaintiff must seek permission from the Court prior to filing.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Plaintiff's application to proceed without prepaying fees or costs [2] is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** leave to appeal in forma pauperis—an appeal of this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that any future filings by Plaintiff shall be be captioned "Application Pursuant to Court Order Seeking Leave to File" and shall be accompanied by a copy of this order. The Clerk's Office is directed to reject any filing by Plaintiff which does not comply with these instructions. The district court will review Plaintiff's filings and shall certify whether or not the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Plaintiff unfiled.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager